UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA TATUM, | ) | |
| | ) | CIVIL ACTION NO. |
| Petitioner, | ) | |
| | ) | 3:04-CV-1997-G |
| VS. | ) | |
| | ) | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | ) | |
| | ) | 3:03-CR-159-G |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the findings, conclusions, and recommendation ("findings") of the United States Magistrate Judge, filed August 31, 2005, and the objections to the findings ("objections") of the petitioner Linda Tatum ("Tatum"), filed September 12, 2005.

In her objections, Tatum argues that the magistrate judge erred in 1) finding that Tatum's claim of ineffective assistance of counsel in relation to entering her plea agreement should be summarily dismissed because Tatum waived this right; 2) citing a Fifth Circuit case that is without precedential value; and 3) finding that Tatum's claim that her plea was unsupported by consideration should fail on the merits. Objections at 2-4.

I. <u>Ineffective Assistance of Counsel</u>

An ineffective assistance of counsel claim may be raised for the first time in a 28 U.S.C. § 2255 motion. See *Massaro v. United States*, 538 U.S. 500, 509 (2003). In this circuit, however, "an informed and voluntary waiver of post-conviction relief is [generally] effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam). To date, the Fifth Circuit has recognized one exception to this general rule: an ineffective-assistance claim survives a § 2255 waiver, but "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Here, Tatum argues that "her trial counsel was ineffective for advising her to enter a plea agreement by which he protected himself from any allegations of ineffective assistance of counsel and caused her to give up her important appellate rights in exchange for *nothing*." Memorandum of Law in Support of Movant's Petition Under 28 U.S.C. § 2255 ("Memorandum") at 7 (emphasis in original).

As stated in the magistrate judge's findings, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *Wilkes*, 20 F.3d at 653. Using Fifth Circuit caselaw, this court specifically found that Tatum voluntarily and knowingly entered her plea of guilty. October 24, 2003 Memorandum Order ("October 24 Order") (discussing *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), *cert. denied*, 471 U.S. 1004 (1985)). Although Tatum argues that this is an instance

in which she may "avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by ineffective assistance of counsel," Objections at 2 (citing *White*, 307 F.3d at 339), this is not such a situation. Tatum's only basis for claiming ineffective assistance was that her counsel advised her to accept a plea agreement for which she allegedly received no consideration. Memorandum at 7. However, as explained below, Tatum in fact *did* receive consideration. Since this alleged ineffective assistance does not go to the validity of her plea, Tatum cannot avoid her waiver. *White*, 307 F.3d at 343; see also *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995). In addition, as explained in the court's October 24 order, the court was thoroughly convinced that Tatum entered her plea agreement, containing a waiver of appellate relief, knowingly and voluntarily. October 24 Order at 6. Therefore, Tatum's knowing and voluntary acceptance of her agreement and the waiver of appellate relief contained therein bars her claim of ineffective assistance of counsel. Tatum's objection on this ground is overruled.

## II. Citation of Case Without Precedential Value

Tatum also argues that the *Carr* test applied by the court for withdrawal of plea agreements is inapplicable when the agreement itself is void for lack of consideration. In his objections, counsel for Tatum argues that the magistrate judge's citation of a Fifth Circuit case rejecting a similar claim is without precedential value. Objections at 4 (citing *United States v. Howard*, No. 03-31048, 2004 WL 1431041

(5th Cir. June 25, 2004) (per curiam); U. S. CT. OF APP. 5TH CIR. R. 47.5.4). Although this is true, this court agrees with the Fifth Circuit's per curiam decision. In fact, Fifth Circuit Rule 47.5.4 goes on to state that, although such opinions are not precedent, "[a]n unpublished opinion may, however, be persuasive." U. S. CT. OF APP. 5TH CIR. R. 47.5.4. Finding *Howard* to be persuasive, the court concludes that Tatum's objections are without merit.

### III.  Plea Unsupported by Consideration

In an abundance of caution, the magistrate judge addressed the merits of Tatum's argument and found that she, in fact, received consideration for her plea. Tatum contends that the magistrate judge erred in this finding. As noted in the magistrate judge's findings, Tatum's plea agreement includes a provision in which the government agreed not to "bring any additional charges against Tatum based upon the conduct underlying and related to [her] plea of guilty." Plea Agreement ¶ 8. Other circuits have found such an agreement to be sufficient consideration for a guilty plea or waiver of appeal rights. See *United States v. Woolley*, 123 F.3d 627, 636-37 (7th Cir. 1997) (holding that, along with other concessions, government's agreement to not bring any additional charges arising from the series of events leading to plea was consideration received by defendant for appeal waiver); *United States v. Creighton*, No. 01-30167, 2002 WL 31689125, at *1 (9th Cir. Dec. 2, 2002) (rejecting defendant's contention that he received no consideration for entering into

the plea agreement where, among other things, the government agreed that it would not pursue any additional charges).

Despite the magistrate judge's conclusion that Tatum received consideration, Tatum objects that the consideration is illusory because the conduct which the government agreed not to prosecute was considered when Tatum's sentence was determined under the United States Sentencing Guidelines. Objections at 3. The court disagrees. Although the court considered all relevant conduct when Tatum was sentenced, the government's agreement prevented the pursuit of additional charges arising from Tatum's conduct. If the government had not agreed to this provision, additional charges and imprisonment were possible. As a result, the government's agreement is not illusory and amounts to consideration for Tatum's waiver of her right to appeal. Tatum's objection is therefore overruled.

With the additional observations set forth above, the court is satisfied, after a review of the record, that the findings of the magistrate judge are correct. It is therefore ordered that those findings, with the additional comments made herein, are **ADOPTED** as the findings and conclusions of the court.

**SO ORDERED**.

October 13, 2005.

A. JOE FISH
CHIEF JUDGE