IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 3-03-CR-159-G(01) |
| LINDA TATUM | § § | |
| Defendant. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendant Linda Tatum, a federal prisoner serving a 324-month sentence for conspiracy to manufacture and to possess with intent to distribute methamphetamine, has filed a *pro se* motion for review of sentence pursuant to 18 U.S.C. § 3742.  Under this statute:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence --
>
> (1)   was imposed in violation of law;
>
> (2)   was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3)   is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or
>
> (4)   was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).  "The provisions for modification of a sentence under § 3742 are available to a defendant only upon direct appeal of a sentence or conviction." *United States v. Early*, 27 F.3d

140, 141 (5th Cir.), *cert. denied*, 115 S.Ct. 600 (1994), *citing Williams v. United States*, 503 U.S. 193, 198-204, 112 S.Ct. 1112, 1118-21, 117 L.Ed.2d 341 (1992); *see also United States v. Calderon*, No. 3-95-CR-097-G(11), 2006 WL 757876 at *1 (N.D. Tex. Mar. 6, 2006), *rec. adopted*, (N.D. Tex. Mar. 21, 2006). Because defendant previously appealed her sentence, which appeal was dismissed by the Fifth Circuit, *see United States v. Tatum*, No. 03-11350 (5th Cir. Jun. 21, 2004), the provisions of section 3742 are no longer available to her.[1]

## RECOMMENDATION

Defendant's motion for review of sentence [Doc. #125] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Ordinarily, the court would construe defendant's *pro se* motion as one for post-conviction relief under 28 U.S.C. § 2255. However, defendant previously filed a section 2255 motion, which was denied on the merits. *See United States v. Tatum*, No. 3-04-CV-1997-G (N.D. Tex. Oct. 13, 2005). As a result, defendant may not file a second or successive motion for post-conviction relief without prior authorization from the court of appeals. *See* 28 U.S.C. § 2255(h).

DATED: October 13, 2011.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE